IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: ROBERT F. ROOD, IV          :
_____
ROBERT F. ROOD, IV
    Appellant                      :

    v.                             :   Civil Action No. DKC 10-2651

SOUTHERN MANAGEMENT CORPORATION    :
RETIREMENT TRUST
    Appellee                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this bankruptcy appeal is a motion to dismiss appeal filed by Appellee Southern Management Corporation Retirement Trust. (ECF No. 3). The relevant issues have been briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I.    Background**

On May 29, 2008, Debtor Robert F. Rood, IV ("Debtor"), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. Thereafter, a number of adversary proceedings were commenced within the lead bankruptcy case, including one filed by Appellee Southern Management Retirement Trust ("SMCRT"), which alleged that Debtor had misappropriated approximately $12,759,600 of its funds through an elaborate

network of business entities. That adversary proceeding is still ongoing.

On April 7, 2010, Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Florida. Two days later, SMCRT filed an emergency motion to transfer the Chapter 11 case to Maryland. On May 28, 2010, following a hearing, the bankruptcy court granted SMCRT's motion, and the Chapter 11 case was transferred to the United States Bankruptcy Court for the District of Maryland. The bankruptcy court's order directed that the Chapter 11 case "be assigned a new case number by the Clerk of the Court," and specified that the Chapter 11 and Chapter 7 proceedings would be "jointly administered." (Bankr. Case No. 08-17199—PM, ECF No. 265). Thereafter, the Chapter 11 case was assigned a separate case number (No. 10-22378) and procedurally consolidated with the Chapter 7 proceeding (No. 08-17199).

On June 15, 2010, Debtor, proceeding *pro se*, filed, under case number 08-17199, a motion to dismiss his Chapter 11 petition. (*Id*. at ECF No. 283). The caption of this document indicated the Chapter 7 case number, but designated the motion as applying to the consolidated Chapter 11 proceeding. The following day, the bankruptcy court issued a deficiency notice advising Debtor that his motion was "not captioned with the correct bankruptcy chapter indicated on the pleading," as

2

required under the Federal Rules of Bankruptcy Procedure. (*Id.* at ECF No. 284). The notice further advised Debtor to submit an amended motion by June 30, or the motion would be stricken from the record.

Apparently taking the deficiency notice as a cue that he should have filed the pleading under the Chapter 11 case number, Debtor, on June 23, filed an identical motion to dismiss under case number 10-22378. (Bankr. Case No. 10-22378-PM, ECF No. 29). Despite the fact that he never filed an amended motion in the lead bankruptcy case, Debtor's original motion in the lead case was never stricken from the record, as the deficiency notice had warned. Consequently, Debtor's motion to dismiss proceeded on parallel tracks in both cases.

In the Chapter 7 case, SMCRT filed papers opposing dismissal on the merits (Bankr. Case No. 08-17199—PM, ECF No. 303), and the bankruptcy court summarily denied the motion (*id.* at ECF No. 304). On August 3, 2010, Debtor appealed to this court from the denial of his motion to dismiss the Chapter 11 case (Case No. DKC 10-2134), and, shortly thereafter, SMCRT moved to dismiss the appeal. On August 19, 2010, the parties submitted a proposed consent order of dismissal without prejudice. The court granted the requested relief on the same date.

Meanwhile, in the Chapter 11 case, SMCRT filed opposition papers virtually identical to those filed in the Chapter 7 case. (Bankr. Case No. 10-22378, ECF No. 36). On August 31, 2010, following a hearing, the bankruptcy court issued a second, virtually identical order to that issued in the lead case, summarily denying relief (*id.* at ECF No. 39), and a separate order converting the case from Chapter 11 to Chapter 7 (*id.* at ECF No. 40). On the same date, Debtor noted an appeal from the denial of his motion to dismiss and, on September 22, the notice of appeal was transmitted to this court along with, *inter alia*, an attached motion to dismiss the appeal, which was filed by SMCRT in the bankruptcy court. On October 1, 2010, Debtor filed, in this court, a brief opposing SMCRT's motion to dismiss his appeal. That motion is addressed herein.

**II. Analysis**

SMCRT primarily contends that the appeal must be dismissed because it is interlocutory and Debtor has not sought, or been granted, leave to appeal. SMCRT observes that this court previously dismissed an appeal by Debtor from the bankruptcy court's grant of a motion for temporary restraining order and preliminary injunction, and argues that dismissal of the instant appeal is appropriate for similar reasons.

As this court previously stated in *In re Rood*, 426 B.R. 538, 646-47 (D.Md. 2010), the jurisdiction of a district court

to hear appeals from bankruptcy courts is conferred by 28 U.S.C. § 158(a), which provides, in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees[.]

Thus, by statute, an appeal of right exists only from a final judgment, and any other appeal, *i.e.*, from an interlocutory order, may lie only upon obtaining leave of the court.

What constitutes a final judgment in a bankruptcy proceeding is more forgiving than the standard applicable to civil proceedings under 28 U.S.C. § 1291. "As a general rule, a final judgment under 28 U.S.C. § 1291 is 'one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment.'" *In re Hebb*, 53 B.R. 1003, 1005 (D.Md. 1985) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). An interlocutory order, by contrast, is "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to

adjudicate the cause on the merits." *In re Hebb*, 53 B.R. at 1005. In the bankruptcy context, however, the concept of finality "has traditionally been applied 'in a more pragmatic and less technical way . . . than in other situations.'" *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3rd Cir. 1985)). Orders in bankruptcy cases "'may be immediately appealed if they finally dispose of discrete disputes within the larger case.'" *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)).

As the United States District Court for the Eastern District of Virginia explained in *In re Swyter*, 263 B.R. 742, 746 (E.D.Va. 2001):

> The reasons for this are well-established. In *In re Saco Local Development Corp.*, 711 F.2d 441 (1st Cir. 1983), Justice Breyer, then a First Circuit judge, traced the concept of finality in bankruptcy proceedings and concluded that considerations unique to bankruptcy appeals, such as the protracted nature of the proceedings and the large number of interested parties, require a less rigorous application of the finality rule. *See id.* at 443-48. Put differently, "[t]o avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." [*Committee of Dalkon Shield*

6

> *Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 241 (4th Cir. 1987)] (quoting *In re Amatex Corp.*, 755 F.2d at 1039); *see also In re Mason*, 709 F.2d 1313, 1316 (9th Cir. 1983) (holding that finality must be determined "in light of the unique nature of bankruptcy procedure and not with blind adherence to the rules of finality"). Thus, for example, the decision to appoint a trustee or an examiner is a final appealable order because to hold otherwise would delay review of the decision until "a final plan is approved" and "may well cause several years of hearings and negotiations to be wasted." *In re Amatex*, 755 F.2d at 1040 (cited with approval in *Dalkon Shield*, 828 F.2d at 241). Furthermore, the decision to set aside the sale of a bankruptcy asset and to reopen proceedings is also final and appealable because it "finally determines" a creditor's position vis-a-vis the debtor and places any resale of assets in considerable doubt. *In re Irvin*, 950 F.2d 1318, 1319 (7th Cir. 1991); *see In re Gould*, 977 F.2d 1038, 1041 (7th Cir. 1992). In sum, these cases stand for the proposition that an order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case. *See In re Mason*, 709 F.2d at 1316 (citing R. Levin, Bankruptcy Appeals, 59 N.C. L. Rev. 967, 985-86 & n. 140).

Under this standard, the bankruptcy court's dismissal of Debtor's dismissal motion does not constitute a final order. The order neither finally determined nor seriously affected Debtor's rights, and Debtor has failed to identify any irreparable harm that will inure if the appeal is not considered

7

immediately. In *Culver v. Molinario*, 67 F.3d 294, 1995 WL 570437 (4th Cir. 1995) (Table), the Fourth Circuit affirmed the district court's finding that it lacked jurisdiction to hear an appeal from the bankruptcy court's denial of the debtor's voluntary motion to dismiss. After determining that the bankruptcy court's denial of the dismissal motion did not "resolve the litigation, decide the merits, settle liability, establish damages, or even determine the rights of any party to [the] bankruptcy case," the court held that, "[n]otwithstanding the liberal interpretation of finality often applied to bankruptcy appeals, . . . the order appealed by [the debtor] is clearly interlocutory in nature." *Id*. at *1; *see also In re Fox*, 241 B.R. 224, 229 (10th Cir. BAP 1999) (finding that an order denying a motion to convert or to dismiss bankruptcy proceeding did not impact assets of bankruptcy estate or priority of creditors, and thus was not a final and appealable order) (citing, *inter alia*, *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1491 (10th Cir. 1984) (denial of a motion to dismiss for lack of jurisdiction is not a final order)). The instant appeal is interlocutory for the same reasons.[1]

---

[1] In arguing otherwise, Debtor cites a number of cases holding that orders converting cases to Chapter 7 are final and appealable. *See, e.g., In re Fraidin*, 110 F.3d 59 (4th Cir. 1997) (Table) (finding an order converting a case from Chapter

Because the bankruptcy court's order denying the motion to dismiss was interlocutory in nature, Debtor could appeal from it only upon obtaining leave from the court. *See* 28 U.S.C. § 158(a)(3). While Debtor has not formally requested leave to appeal in this case, his timely-filed notice of appeal will be deemed a motion for leave to appeal pursuant to Fed.R.Bankr.P. 8003(c). *See In re Swann Ltd. Partnership*, 128 B.R. 138, 139-40 (D.Md. 1991).

The relevant standard for considering a motion for leave to appeal from an order of the bankruptcy court was set forth in *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000):

> In seeking leave to appeal an interlocutory order or decision [of a bankruptcy court], the appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." [*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)] (citing *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). *Atlantic Textile Group,*

---

13 to Chapter 7 is not interlocutory). The order from which he seeks to appeal, however, is not the bankruptcy court's order converting the case to Chapter 7, but the order denying his second motion to dismiss.

> *Inc. v. Neal*, 191 B.R. 652, 653 (E.D.Va. 1996) (citations omitted). Under this analysis,
>
>> leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation.
>
> *Id.* (citations omitted).

If any one of these three elements is unsatisfied, leave to appeal cannot be granted. *See KPMG Peat Marwick, L.L.P.*, 250 B.R. at 79; *In re Air Cargo, Inc.*, Civ. No. CCB-08-587, 2008 WL 2415039, *3 (D.Md. June 11, 2008) (unpublished).

Although Debtor has not addressed these factors in his opposition papers, the order from which he seeks to appeal does not involve a controlling question of law. An order involves a controlling question of law when reversal of the bankruptcy court's order would be dispositive of the case as either a legal or practical matter and determination of the issue on appeal will materially affect the outcome. *See In re Travelstead*, 250 B.R. 862, 865-66 (D.Md. 2000); *see also Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (Table). Here, reversal of the bankruptcy court's refusal to allow a voluntary dismissal of the Chapter 11 petition clearly would not terminate the action; indeed, the case has been

10

converted to a Chapter 7 proceeding and will continue accordingly. *See In re Robinson*, Civ. No. 1:09cv453, 2010 WL 3619434, at *5 (W.D.N.C. Sept. 9, 2010) ("[r]eversal of the Bankruptcy Court's refusal to allow a voluntary dismissal of the Chapter 13 petition will not terminate the case because the Bankruptcy Court had already ordered conversion of the case to Chapter 7"); *see also Culver*, 67 F.3d 294, at *1 (finding bankruptcy court's order denying debtor's motion to dismiss "does not involve a controlling issue of law"). Because the first element of the analysis set forth in *KPMG Peat Marwick, L.L.P.*, is not present, the remaining two are essentially moot.

Debtor's alternative argument that the court has jurisdiction to decide the appeal under the collateral order doctrine is unpersuasive. To be reviewable under the collateral order doctrine, an order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *In re Looney*, 823 F.2d 788, 791 (4th Cir. 1987) (quoting *Coopers & Lybrand*, 437 U.S. at 468). Here, the bankruptcy court's denial of Debtor's motion to dismiss has little effect on the bankruptcy case. While the court's separate order converting the case from Chapter 11 to Chapter 7 effectively renders this decision unreviewable, Debtor has not noted an appeal from that order.

11

*See In re Robinson*, 2010 WL 3619434, at *6 ("The problem with the Appellant's case is that he did not appeal [the bankruptcy court judge's] Order converting his Chapter 13 case to a Chapter 7 liquidation"). Moreover, because Debtor already has a jointly-administered Chapter 7 case pending in this district, it is unclear what prejudice, if any, could result from the bankruptcy court's ruling. Indeed, it appears that if he had prevailed on the motion from which he appeals, he would essentially be in the same position as he is presently.

**III. Conclusion**

For the foregoing reasons, SMCRT's motion to dismiss the appeal will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge